UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY WEST,<br><br>   Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY CO.,<br><br>   Defendant. | No. 2:23-CV-0106-TOR<br><br>**AGREED PROTECTIVE ORDER** |

The Court, having considered the joint motion for entry of an agreed protective order, finds that entry of a protective order is appropriate. It is accordingly ORDERED that the parties' Joint Motion for Entry of Agreed Protective Order be, and hereby is, GRANTED. It is accordingly further ORDERED that:

**1.** **Scope and General Limitation on Use of Materials Produced or Obtained in Discovery.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be used only for purposes of this case and any proceedings directly resulting from any Court Order entered in this case. No such documents may be used or

AGREED PROTECTIVE ORDER - 1

disclosed by the parties, counsel for the parties for any purpose whatsoever other than in this litigation, including any appeal thereof.

**2.     Additional Protection of "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" information.** In addition to the foregoing, certain documents and information are subject to further protection according to the procedures set forth below concerning materials designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" by a party. Documents and information may be designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" if: (a) there is a legitimate concern about confidentiality of the document or information (including but not limited to health information, confidential personnel information about a non-party, financial information, trade secrets, and other confidential business information); and (b) the documents and information are produced to another party (or any predecessors or successors of a party to this action or third parties) as part of disclosures or discovery or obtained upon written authorization of any other party to this action or obtained by subpoena (including but not limited to information and documents obtained through interrogatories, requests for production, requests for admission, depositions, physical or mental examinations, and subpoenas). The designation "Highly Confidential – Attorneys' Eyes Only" shell be reserved for Confidential information that contains highly sensitive personal information or is of a highly proprietary or competitively sensitive business, financial, or technical nature or process, whether the same is known or unknown to any other party, or any of the employees of another party. By way of example, such designated

AGREED PROTECTIVE ORDER - 2

"Highly Confidential – Attorneys' Eyes Only" information may include: (a) sensitive information concerning other employees employed by Defendant; (b) financial information in a form which the producing party would not normally reveal to competitors; and (c) any other Confidential information that contains the producing party's trade secrets or proprietary business information.

3. **Public Information.** This order does not restrict the dissemination of publicly-available information obtained by the parties or their attorneys from sources other than the opposing parties or their attorneys or as otherwise described above, or information that is otherwise legally available to the general public.

4. **Designations.** Any documents or other discovery materials that are to be protected by this order shall be so designated by placing a "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" stamp or legend on each page of such documents or materials or by otherwise providing written notification of the "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" status to the receiving party in a manner that sufficiently describes the documents or other materials. Testimony given at a deposition, pretrial procedure, or trial may be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by an appropriate statement at the time of the giving of such testimony, or a party may designate portions of depositions as "Confidential" "Highly Confidential – Attorneys' Eyes Only" after transcription, provided that written notice of such designation is given to the other party within 30 days after receipt of the transcript of the proceedings. Minor deviations in the use of the terms "Confidential"

AGREED PROTECTIVE ORDER - 3

and/or "Highly Confidential – Attorneys' Eyes Only" do not affect the validity of the designation.

**5.    Failure to Designate.** Inadvertent failure to designate documents or information as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the producing party's right to secure protection under this order for such material. If material is appropriately designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the party that received such information, on timely notification of the designation, must treat the material as "Confidential" in accordance with this order.

**6.    Challenging Designations.** The designation of any document or information as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" shall not preclude any party from contending that the document or information does not qualify for the designated confidential treatment. In the event of such a challenge, counsel must confer in good faith to attempt to resolve the challenge before judicial intervention is sought. A party that elects to press a challenge to a confidentiality designation after such conference may seek judicial intervention in accordance with the applicable rules and procedures. The burden of persuasion in any such judicial intervention shall be on the party asserting the confidential status of the document or information. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

AGREED PROTECTIVE ORDER - 4

**7.    Authorized Disclosure of "Confidential" Information to Qualified Persons.** Information or documents designated as "Confidential" may be disclosed by the parties or counsel to: (1) the parties in this action and their attorneys; (2) professional, clerical, secretarial, and other support staff assisting the parties' attorneys; (3) any persons retained or specially employed by the parties or their attorneys (or their representatives) in preparation for trial, such as consulting or testifying experts or mock jurors, so long as they have agreed to keep the information confidential; (4) witnesses in the course of preparation for or during depositions or trial, if in the good-faith belief of counsel disclosure is necessary for the prosecution or defense of this action; or (6) as directed by order of the Court.

**8.    Authorized Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information to Qualified Persons.** Except as set out in paragraph 9, information or documents designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed by counsel for the receiving party _only_ to: (1) other counsel for the receiving party; (2) professional, clerical, secretarial, and other support staff assisting the parties' attorneys; (3) any persons retained or specially employed by the parties or their attorneys (or their representatives) in preparation for trial, such as consulting or testifying experts or mock jurors, so long as they have agreed to keep the information confidential; (4) the Court and its staff and any other dispute resolution officer duly appointed or assigned in connection with this litigation, or (5) as directed by order of the Court.

AGREED PROTECTIVE ORDER - 5

9. **Conditioned Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information.** Counsel for the receiving party may be permitted to share documents (or their contents) marked "Highly Confidential – Attorneys' Eyes Only" with the party or any other individual, if and only if: (1) the individual to whom the documents will be disclosed has read and executed the Non-Disclosure Agreement annexed hereto as **Exhibit A**; and (2) counsel for the producing party agrees in writing that counsel for the receiving party may share the information with such individual—which agreement may be conditioned on further required acknowledgements, agreements, or representations by the individual to whom the disclosure will be made. As to depositions, the parties understand that the effect of a "Highly Confidential – Attorneys' Eyes Only" designation may be that an individual, including a party, may not be able to attend portions of the deposition where "Highly Confidential – Attorneys' Eyes Only" information is discussed, unless the individual has signed the agreement set out in Exhibit A, provided that court reporters, videographers, and their staff shall not be required to sign Exhibit A.

10. **Court Filings.** The parties and their attorneys may file with the Court any documents or information designated by another party under this Order as "Confidential" and/or Highly Confidential – Attorneys' Eyes Only" in connection with any pleading, motion, trial, or hearing relating to the prosecution, defenses, or settlement of this action. The filing party shall either move the Court to file such documents or information under seal (before or concurrently with the filing of such documents or information) or, before filing any such documents or information obtained from another party (or any predecessors

AGREED PROTECTIVE ORDER - 6

or successors of another party or third parties), the filing party shall either obtain the agreement of the other party to file the materials or shall give the other party at least five business days' advance written notice so that the other party may move the Court to file the documents or information under seal or otherwise protect the documents or information at issue or waive any designation as to the documents or information. The parties agree that in the event of a motion to seal, unless there is a challenge to the designation of a document, the party not moving to seal will not oppose the moving party's motion to seal.

      11.    **Scope of Order.** The protections conferred by this order cover not only documents marked as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only," but also any information copied or extracted from such documents, as well as all copies, excerpts, summaries, or compilations of such documents, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal confidential or proprietary information.

      12.    **Scope of Discovery.** Entry of this order does not expand the scope of discovery, constitute a waiver of any discovery objection, or prevent a party from asserting or maintaining an objection to discovery requests, including objections based on the personal, confidential, or proprietary nature of the documents or information.

      13.    **Duration.** Even after termination of this action, the provisions of this order shall continue to be binding, except with respect to those documents and information that have become a matter of public record during the action. The parties and recipients of the documents designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes

AGREED PROTECTIVE ORDER - 7

Only" shall be subject to the jurisdiction of the Court for enforcement of the provisions of this order following the termination of this action.

14. **Final Disposition.** Within 30 days after the final resolution of this matter (including appeals) and upon request of opposing counsel, each party shall return to the producing party through her or its attorney of record or, with the permission of the producing party's attorney of record, destroy any and all documents produced by that party during discovery in this litigation, including any photocopies, audio or visual recordings, or other reproduction thereof. Notwithstanding the foregoing, each party may retain a copy as required by its malpractice carrier.

15. **Exception for Party's Own Documents.** Notwithstanding any language in this Order, this Order does not in any way limit or otherwise affect a producing party's ability to use its own documents as it sees fit, or require destruction by the producing party of its own documents, whether or not designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only."

16. **HIPAA-compliant protective order.** The parties have separately requested the entry of a "qualified protective order" under the regulations issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), *see* 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(iv) ("HIPAA Order"). Documents and information covered by the HIPAA Order may be designated and obtain protection under this Order. Provided that the Court has entered a HIPAA Order, then to the extent there is any conflict

AGREED PROTECTIVE ORDER - 8

between this Order and the HIPAA Order, the terms of the HIPAA Order control as to documents or information covered by the HIPAA Order.

DATED October 6, 2023.



_____
THOMAS O. RICE
United States District Judge

AGREED PROTECTIVE ORDER - 9

# EXHIBIT A
# NON-DISCLOSURE AGREEMENT

I, _____, am familiar with and agree to be bound by the terms of the Agreed Protective Order (the "Order") in WEST v. BNSF RAILWAY COMPANY, U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, 2:23-CV-00106. I acknowledge that I have been provided with a copy of, and have read and understand the Order, including its provisions governing the non-disclosure of information that has been designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only." I agree that I will not disclose such "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" information to, or discuss such information with, any other individuals, other than as expressly permitted under the Order, and at the conclusion of this matter, I will either destroy or return all information to the attorney from whom I received it. I agree that I will not disclose Attorneys' Eyes Only material beyond the scope set forth in the Order.

I understand that disclosure of "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" information in violation of the Order or this Non-Disclosure Agreement may subject me to being held in contempt of court in addition to any other remedies that may be available to the party providing the "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" material.

I consent to and knowingly and voluntarily waive any challenge to the jurisdiction of the above-referenced court in connection with or arising from the Order.

DATED:_____  BY:_____
Signature

_____
Typed Name

_____
Title

_____
Street Address

_____
City, State, Zip

_____
Telephone Number

_____
Email Address

AGREED PROTECTIVE ORDER - 10